Kevin Behrendt, (SBN 211879)
Kevin@DermerBehrendt.com
Jeffrey Dermer (SBN 229903)
Jeff@DermerBehrendt.com
DERMER BEHRENDT
13101 Washington Blvd., Ste 407
Los Angeles, CA 90066
Telephone: (310) 279-4151
Facsimile: (310) 954-9206

Attorneys for Defendant Kelly Holland

# UNITED STATES DISTRICT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DONALD SLAUGHTER, Sr., an Individual; SF TRUST, LLC, a Florida Limited Liability Corporation;<br><br>Plaintiffs,<br><br>v.<br><br>Penthouse Global Media, Inc., a Delaware Corporation; Kelly Holland, an Individual.<br>Defendants<br><br>Defendants. | CASE # 2:17- CV-08105 ODW(KS)<br><br>**ANSWER OF DEFENDANT KELLY HOLLAND**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER OF KELLY HOLLAND

Comes now Defendant Kelly Holland ("Holland") who Answers and responds to Plaintiffs' Complaint as follows:

---

Answer of Defendant Kelly Holland

## JURISDICTION AND VENUE

1.      Holland admits this Court has jurisdiction over this action, as plead, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367.

2.      Holland admits that Slaughter, at times relevant hereto, was a resident of the State of Florida. Except as admitted above, Holland is without sufficient knowledge or information to form a belief as to the truth of any and all other allegations contained in Paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

3.      Holland admits that SF Trust, LLC ("SF Trust") is a Limited Liability Company organized under the Laws of the State of Florida. Holland denies that SF Trust existed at all times relevant hereto. Except as admitted or specifically denied above, Holland is without sufficient knowledge or information to form a belief as to the truth of any and all other allegations contained in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

4.      Holland admits the allegations contained in Paragraph 4 of the Complaint.

5.      Holland admits the allegations contained in Paragraph 5 of the Complaint.

6.      Holland admits that the amount in controversy, as plead, exceeds the sum of $75,000.00. Except as admitted above, Holland is without sufficient knowledge or information to form a belief as to the truth of any and all other allegations contained in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7. Holland admits the allegations contained in Paragraph 7 of the Complaint.

8. Holland admits the allegations contained in Paragraph 8 of the Complaint.

## ALLEGED FACTS COMMON TO ALL CAUSES OF ACTION

9. Holland admits that in May of 2015, the Penthouse family of companies was owned by Friend Finder Network; that Holland was in negotiations to buy the companies and had not yet secured financing; that Slaughter was involved in negotiating a Master Licensing Agreement with Robert Gans; and that the acquisition of the Penthouse companies closed on or about February 19, 2016. Holland is without sufficient knowledge or information to form a belief as to whether Slaughter was a finance professional by trade, and on that basis denies that allegation. Except as specifically admitted above, Holland denies each and every other allegation contained in paragraph 9 of the Complaint.

10. Holland admits that Slaughter was terminated; that Slaughter's initial base salary was $65,000 per year; and that the offer provided that the employment was for 5 years. Except as specifically admitted above, Holland denies each and every other allegation contained in paragraph 10 of the Complaint.

11. Holland admits the allegations contained in Paragraph 11 of the Complaint except the allegation that the agreement "does not contain any provisions allowing for termination .. . prior to the expiration of the five year term" because, as a matter of law, all agreements permit termination upon the occurrence of certain conditions that were present in this dispute. Except as specifically admitted above,

Holland denies each and every other allegation contained in paragraph 11 of the Complaint.

12. Holland admits that Slaughter negotiated an extension and a reduction in interest rate of Penthouse Global Media, Inc.'s ("Penthouse") loan; that Slaughter closed the sale of Penthouse's Master Club License; and that in March of 2017, Penthouse paid SF Trust $20,000 bonus. Except as specifically admitted above, Holland denies each and every other allegation contained in paragraph 12 of the Complaint.

13. Holland admits that she terminated the company's PHP digital programmer; its CTO, its production coordinator and its Executive Editor; and that Holland terminated Slaughter's employment and SF Trust's consulting agreement on September 18, 2017. Except as specifically admitted above, Holland denies each and every other allegation contained in paragraph 13 of the Complaint.

## CLAIMS AGAINST DEFENDANT HOLLAND

## THIRD CAUSE OF ACTION

### (Breach of Written Agreement - Against All Defendants)

14. In response to the allegations referred to in Paragraph 26 of the Complaint, Holland incorporates by reference its responses to Paragraphs 1 through 13 above as if fully set forth herein.

15. Holland denies each and every allegation contained in paragraph 27 of the

Complaint.

16. Holland denies each and every allegation contained in paragraph 28 of the Complaint.

17. Holland denies each and every allegation contained in paragraph 29 of the Complaint.

18. Holland denies each and every allegation contained in paragraph 30 of the Complaint.

## NINTH CAUSE OF ACTION

### (Breach of Fiduciary Duty - Against Defendant Holland)

19. In response to the allegations referred to in Paragraph 58 of the Complaint, Holland incorporates by reference its responses to Paragraphs 1 through 18 above as if fully set forth herein.

20. Holland denies each and every allegation contained in paragraph 59 of the Complaint.

21. Holland admits that she is the sole shareholder in Defendant Penthouse Global Media, Inc.; and that she has served as Penthouse's Chief Executive Officer. Except as specifically admitted above, Holland denies each and every other allegation contained in paragraph 60 of the Complaint.

22. Holland admits that as controlling shareholder and CEO, Holland owes a fiduciary duty to any bona fide minority shareholders. Except as specifically admitted above, Holland denies each and every other allegation contained in paragraph 61 of the

Complaint.

23. Holland admits the accuracy of the statement of law contained in paragraph 62 of the Complaint. Except as specifically admitted above, Holland denies each and every other allegation contained in paragraph 62 of the Complaint.

24. Holland denies each and every allegation contained in paragraph 63 of the Complaint.

25. Holland denies each and every allegation contained in paragraph 64 of the Complaint.

26. Holland denies each and every allegation contained in paragraph 65 of the Complaint.

## **TENTH CAUSE OF ACTION**

## **(Defamation against Holland)**

27. In response to the allegations referred to in Paragraph 66 of the Complaint, Holland incorporates by reference its responses to Paragraphs 1 through 26 above as if fully set forth herein.

28. Holland denies each and every allegation contained in paragraph 67 of the Complaint.

29. Holland denies each and every allegation contained in paragraph 68 of the Complaint.

30. Holland denies each and every allegation contained in paragraph 69 of the Complaint.

31. Holland denies each and every allegation contained in paragraph 70 of the Complaint.

32. Holland denies each and every allegation contained in paragraph 71 of the Complaint.

33. Holland denies that she engaged in any illegal conduct. Holland is without sufficient knowledge or information to form a belief as to all other allegations contained in Paragraph 72 of the Complaint, and on that basis denies each and every other allegation contained in paragraph 72 of the Complaint.

34. Holland denies that she engaged in any illegal conduct. Holland is without sufficient knowledge or information to form a belief as to all other allegations contained in Paragraph 73 of the Complaint, and on that basis denies each and every other allegation contained in paragraph 73 of the Complaint.

35. Holland denies each and every allegation contained in paragraph 74 of the Complaint.

## AFFIRMATIVE DEFENSES

Holland hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Waiver)

36. Plaintiffs have waived each of the alleged obligations which they seek to enforce herein against Defendants.

## SECOND AFFIRMATIVE DEFENSE

## (Estoppel)

37. Plaintiffs are estopped from enforcing the alleged obligations which they seek to enforce herein against Defendants.

## THIRD AFFIRMATIVE DEFENSE

## (Failure of Consideration)

38. There was a failure of consideration for any alleged promises which Defendants may have made to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

39. Plaintiffs' claims against Defendants are barred by their unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

## (Willful Breach of Duty)

40. Plaintiff Slaughter, personally and on behalf of SF Trust, willfully breached his duties to Penthouse in the course of his employment.

## SIXTH AFFIRMATIVE DEFENSE

## (Habitual Neglect)

41. Defendant Slaughter personally and on behalf of SF Trust, habitually neglected his duties to Penthouse.

## SEVENTH AFFIRMATIVE DEFENSE

## (Proximate Cause)

42. The incidents described in the Complaint and the damages, if any, allegedly sustained by Plaintiffs were proximately caused or contributed to in whole or in part by the actions of Plaintiffs, and/or others, and not by any wrongful act on the part of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

43. In the event a finding is made that Defendants' conduct, if any, proximately contributed to Plaintiffs' damages, if any, Plaintiffs' recovery from Defendants should be reduced on the basis of the comparative negligence and/or fault of Plaintiffs, and/or their agents, which contributed to their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Ca Corporations Code § 800 *et seq*)

44. Plaintiffs' claims are barred by virtue of the failure of Plaintiff to comply with California Corporations Code § 800, *et seq*.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

45. Defendants acted in good faith and engaged in innocent conduct concerning all matters alleged by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

46. Plaintiffs have failed to mitigate their damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Privilege)

47. Any and all statements made by Defendants about Plaintiffs, if in fact made, were absolutely privileged, made in good faith and in the belief that all such statements were true and accurate when made.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Truth)

48. Any and all statements made by Defendants about Plaintiffs, if in fact made, were truthful.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

49. There has been a failure of conditions precedent to the obligations, if any, of Holland's to Slaughter.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

50. Slaughter individually and on behalf of SF Trust, committed fraud that was discovered by defendants and which excuses defendants actions as alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Illegality)

51. Slaughter individually and on behalf of SF Trust, committed illegal acts that were discovered by defendants and which excuse defendants actions as alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Release)

52. Plaintiffs have released Defendants from each of the obligations which they seek to enforce herein against Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

53. Plaintiffs lack standing to assert the claims set forth in the Ninth Cause of Action of the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Set-off)

54. By virtue of various wrongful acts and omissions of the Plaintiffs, Defendants are entitled to a setoff of any amounts that they might otherwise owe to the Plaintiff.

### TWENTIETH CAUSE OF ACTION

### (Failure to State a Claim)

55. One or more of Plaintiff's causes of action fail to state a claim on which relief can be granted.

**WHEREFORE**, Defendant Holland prays for Judgment as follows:

1. That Plaintiffs take nothing by their Complaint.

2. That Defendants be awarded costs of suit.

3. For such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby respectfully demand trial by jury of all issues so triable.

Dated: February 12, 2018         Dermer Behrendt


By:/s/_____
Jeffrey D. Dermer

Dermer Behrendt
Attorneys for Defendant Kelly Holland

# **PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 13101 W. Washington Blvd., #407, Los Angeles, California 90066.

    On February 12, 2018, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT KELLY HOLLAND**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

see attached list

[X] (BY MAIL)   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[X] (ELECTRONIC SERVICE) I caused personal delivery of the document(s) listed above via the Court's ECF system to the persons listed on the attached service list, below.

    Executed on February 12, 2018, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/
Jeffrey Dermer

**Service List**

Allan B. Gelbard, Esq.
The Law Offices of Allan B. Gelbard
15760 Ventura Blvd., Suite 801
Encino, CA 91436
T:(818)386-9200


GREGORY P. WONG (SBN: 204502)
ADEPT EMPLOYMENT LAW, APC
10880 Wilshire Boulevard, Suite 1101
Los Angeles, CA 90012
Telephone: (213) 505-6283
Facsimile: (213) 947-4584
Email: greg.wong@adeptemploymentlaw.com